IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| FRANK FISCHER, an individual, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO.: 2005-1630 |
| SYSCO FOOD SERVICES OF CENTRAL ALABAMA, INC; AND THOSE OTHER PERSONS, CORPORATIONS, AND OTHER LEGAL ENTITIES DESIGNATED HEREIN AS FICTITIOUS PARTIES | ) |
| Defendant. | ) |

No. 1, whether singular or plural, plaintiff hereby intending to designate that person, firm, corporation or other legal entity who was the employer of Frank Fischer on the date of the incident made the basis of this lawsuit.

No. 2, whether singular or plural, plaintiff hereby intending to designate that person, firm, corporation or other legal entity responsible for supervising Frank Fischer on the occasion of the incident made the basis of this lawsuit;

No. 3, whether singular or plural, plaintiff hereby intending to designate that person, firm, corporation or other legal entity responsible for making corporate decisions at Sysco Food Services of Central Alabama, Inc., on the occasion of the incident made the basis of this lawsuit;

No. 4, whether singular or plural, plaintiff hereby intending to designate that person, firm, corporation or other legal entity responsible for the management and operation of Sysco Food Services of Central Alabama, Inc., on the occasion of the incident made the basis of this lawsuit;

No. 5, whether singular or plural, plaintiff hereby intending to designate that person, firm, corporation or other legal entity responsible for providing any insurance coverage, of whatever kind or character, to any of the named or fictitious defendants herein;

No. 6, whether singular or plural, plaintiff hereby intending to designate that person, firm, corporation or other legal entity, other than those entities described herein, which is the successor in interest of any of those entities described herein;

No. 7, whether singular or plural, plaintiff hereby intending to designate that person, firm, corporation or other legal entity, other than those entities described herein, which is the predecessor entity of any of those entities described herein;

No. 8, whether singular or plural, plaintiff hereby intending to designate that person, firm, corporation or other legal entity whose wrongful conduct contributed to cause the incident made the basis of this lawsuit;

No. 9, whether singular or plural, plaintiff hereby intending to designate that person, firm, corporation or other legal entity responsible for the injuries and damages suffered by the plaintiff on the occasion of the incident made the basis of this lawsuit;

No. 10, whether singular or plural, plaintiff hereby intending to designate that person, firm, corporation or other legal entity who terminated the Plaintiff's employment on July 24, 2004;

No. 11, whether singular or plural, plaintiff hereby intending to designate that person, firm, corporation or other legal entity responsible who made, participated in or controlled the decision to terminate the Plaintiff's employment with Defendant;

No. 12, whether singular or plural, plaintiff hereby intending to designate that person, firm, corporation or other legal entity, other than those entities described herein, who terminated the Plaintiff's employment because of his age and seniority status with Defendant;

No. 13, whether singular or plural, plaintiff hereby intending to designate that person, firm, corporation or other legal entity, other than those entities described herein, which is the predecessor entity of any of those entities described herein;

No. 14, whether singular or plural, plaintiff hereby intending to designate that person, firm, corporation or other legal entity whose wrongful conduct contributed to cause the incident made the basis of this lawsuit;

No. 15, whether singular or plural, plaintiff hereby intending to designate that person, firm, corporation or other legal entity responsible for the injuries and damages suffered by the plaintiff on the occasion of the incident made the basis of this lawsuit;

Plaintiff avers that the identity of the fictitious party defendants herein is otherwise unknown to plaintiff at this time or, if their names are known to plaintiff at this time, their identity as proper party defendants is not known to plaintiff at this time, and their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained.

      **Defendants.**

## COMPLAINT

1. The Plaintiff, Frank Fischer, was an employee of Defendant Sysco Food Services of Alabama, Inc. on June 29, 2004.

2. The Plaintiff is 51 years old; a resident of Bay County, Florida and was employed by defendant Sysco from their Calera, Shelby County, Alabama office.

3. On or about June 29, 2004, the Plaintiff, while driving a truck for the defendant, and while in the line and scope of and in the course of his employment with the defendant, was seriously injured when he was involved in an accident in which his tuck overturned.

2

4. The accident occurred at the intersection of Taylor Road and Troy Highway in Montgomery County, Alabama on said date mentioned above.

5. The Plaintiff was able to avoid injuring anyone else in the accident and was able to successfully save the load he was hauling by preventing the trailer from overturning.

6. The Plaintiff did, however, sustain serious injuries to himself including severe injuries to his head, neck, shoulders, arms and back. The injuries required extensive medical treatment including surgical intervention and will require treatment in the future.

7. Prior to this accident, the Plaintiff had been employed with the defendant for approximately 27 years.

8. During his 27 years of employment, prior to his injury, the Plaintiff had never had an accident and had never received any sort of violation or citation pertaining to his driving. In the 27 years of service to the Defendant, the Plaintiff had never been reprimanded and had in fact received commendation for his service to the company.

9. Subsequent to the accident on June 29, 2004, the defendant fired the Plaintiff shortly after learning the Plaintiff was to undergo major surgery as a result of his on-the-job injury.

10. After 27 years of flawless and dedicated service to the defendant, the Plaintiff was given his personal belongings from his locker in a garbage bag and told that he was terminated.

11. Prior to the termination and prior to the injuries he sustained while on the job, a supervisor for the defendant had stated to the Plaintiff that he should consider retiring even though he had never expressed an interest in retiring and had never indicated to anyone at the company that he wished to retire.

12. The suggestions of retirement were made to the Plaintiff by the defendant despite his committed service to Sysco for virtually all of his working life.

13.   The Plaintiff did not agree with the suggestions to retire and had never wanted to retire; but despite that desire to continue his service and employment, Sysco Food Services of Central Alabama fired him on July 23, 2004.

## COMPLAINT

## COUNT ONE

1.   That on or about June 29, 2004, the relationship of employer and employee, or master and servant, existed between Frank Fischer and the Defendant doing business in Shelby County, Alabama, as Sysco Food Services of Central Alabama, Inc., and such employer-employee relationship existed at all material times referred to herein.

2.   Plaintiff further avers that while so employed and engaged in the business of Defendant and while acting within the line and scope of his employment with Defendant, Frank Fischer suffered injuries and damages which were the proximate result of an accident that arose out of, and during the course of, his employment with Defendant as aforesaid. Specifically, Frank Fischer was injured in an automobile accident at or near the intersection of Troy Highway and Taylor Road in Montgomery, Alabama, severely injuring his arms, shoulders, neck and back. The Plaintiff was permanently and totally or permanently and partially injured and disabled and can no longer complete the requirements of his occupation with the same efficiency as he could prior to this accident.

3.   A controversy has arisen as to the benefits to be paid by the Defendant to Frank Fischer under the Workers' Compensation Act of Alabama, as amended, and no settlement has been made between Plaintiff and Defendant for, and on account of, Frank Fischer's injuries.

4.  At the time of the aforesaid injury, Frank Fischer was performing his duties for the Defendant and, in performance of said duties, he was caused to suffer multiple injuries and damages as the result of the accident described above.

5.  Plaintiff further avers that the Defendant had immediate legal and actual notice and knowledge of said injuries and claim, that Defendant has refused and declined to pay the plaintiff benefits due under the Workers' Compensation Act of Alabama, and that this action is brought within two years from the date of the accident complained of, or within two years from the date temporary total disability benefits were last paid to the Plaintiff for the purpose of recovering the amounts to which Plaintiff is entitled hereunder, including, but not limited to, reasonable medical expenses incurred for the treatment of said injuries and compensation for permanent disability.

6.  Fictitious Defendants 1-15, above, whose more correct names and identities are unknown to Plaintiff at this time but will be more correctly named when their identities are ascertained, are the respective persons and/or entities who or which fit the descriptions reflected in 1 through 15 above. Plaintiff re-alleges all of the allegations contained in paragraphs 1 through 5, against each of the Fictitious Defendants.

7.  Plaintiff avers that at the time of the aforesaid injuries, Plaintiff was receiving an average weekly wage of approximately $1,000.00.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff claims of the Defendant, including the Fictitious Party Defendants, such benefits as Plaintiff is entitled to receive under the Workers' Compensation Act of Alabama, as amended, and Plaintiff prays that this Court will take jurisdiction of this petition for compensation, that notice be given to defendant of the filing hereof as required by law, and that, upon a final submission, that this Court award to Plaintiff worker's compensation benefits as allowed by law, plus costs of this action.

## COUNT TWO

8. Plaintiff adopts, realleges and incorporates as if fully set out herein, all material averments of Count One, above.

9. On or about July 23, 2004, the relation of employer and employee, or master and servant, existed between Plaintiff, Frank Fischer, and Defendant Sysco Food Services of Central Alabama, Inc., and said parties were subject to the Workers' Compensation Act of Alabama, as amended, on the aforesaid date. From a procedural standpoint, this action is brought pursuant to §25-5-11.1 of the Code of Alabama and arises under the workers' compensation laws of the State of Alabama.

10. Plaintiff further avers that while so employed and engaged in the business of said Defendant, and while acting within the line and scope of his employment, Plaintiff Frank Fischer suffered injury and damage as a proximate result of an accident that arose out of and during the course of his employment.

11. On or about July 23, 2004, Plaintiff Frank Fischer's employment with Defendant Sysco Food Services of Central Alabama, Inc., was terminated by the Defendants in violation of § 25-5-11.1, Code of Alabama, 1975, as amended. Specifically, the Defendants terminated Plaintiff Frank Fischer solely because he sought to recover workers' compensation benefits to which he was entitled.

12. Plaintiff further avers that as a proximate result of the Defendants', including the fictitious party Defendants' 1 through 15, above, willful, intentional and/or other wrongful conduct, Plaintiff was caused to suffer the following injuries and damages, as follows:

    A.    He was caused to suffer loss of his regular employment and the benefits thereof;

    B.    He was caused to suffer lost wages and will continue to lose wages in the future; and

  C. He was caused to suffer physical pain, mental anguish and emotional distress.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against each of the Defendants, including the Fictitious Party Defendants referred above, jointly and severally, for compensatory and punitive damages in an amount to exceed $50,000.00.

### COUNT THREE

13. Plaintiff adopts, realleges and incorporates as if fully set out herein, all material averments of Count One and Two, above.

14. That the termination of the Plaintiff by the Defendant was discriminatory in that it was based on the Plaintiff's age of 51 years and based on a desire by the defendant to terminate a high wage earning senior employee who had worked for 27 years with the company.

15. The termination of the Plaintiff by the defendant constituted a violation of the Federal Age Discrimination in Employment Act and was violative of Alabama Code Sections 25-1-20-25-1-29.

16. The termination was the result of a discriminatory practice by the defendant to rid the company of senior long-term employees and said discriminatory practice is violative of the Federal Age Discrimination in Employment Act and the Alabama Age Discrimination Act set out in Alabama Code sections 25-1-20 through 25-1-29.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against each of the Defendants, including the Fictitious Party Defendants referred above, jointly and severally, for compensatory and punitive damages in an amount to exceed $50,000.00.

Respectfully Submitted,

*[signature: Frank Fischer]*

FRANK FISCHER

STATE OF __FL__         )
COUNTY OF __Bay__       )

I, a notary public, in and for said State and County, hereby certify that FRANK FISCHER has signed his name to the foregoing and has acknowledged before me that the information contained herein is true and accurate, to his best information and belief.

This the 29th day of June, 2005.

*[signature: Teresa Cox]*
Notary Public
My commission expires: 8-8-06

TERESA COX
NOTARY PUBLIC, STATE OF FLORIDA
My commission expires Aug. 8, 2006
Commission No. DD140557

6

_____
DAVIS L. MIDDLEMAS (MID007)
Attorney for Plaintiff

OF COUNSEL:
SOUTHLAW, P.C.
3120 Amsouth/Harbert Plaza
1901 6th Ave. N.
Birmingham, AL 35203

**PLAINTIFF REQUESTS A TRIAL BY JURY ON COUNTS TWO AND THREE OF THE COMPLAINT**

_____
DAVIS L. MIDDLEMAS

**SERVE DEFENDANT BY CERTIFIED MAIL:**
Sysco Food Services of Central Alabama, Inc.,
c/o Capital Corporate Services, Inc.
4269 Lomac Street
Montgomery, AL 36106

9