RECEIVED
2005 AUG 10 P 12: 57
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FRANK FISCHER, an individual, )
)
Plaintiff, )
)
vs. ) CIVIL ACTION NO. 2:05cv763-B
) (Removed from the Circuit Court of
SYSCO FOOD SERVICES OF CENTRAL ) Montgomery County, Alabama, CV-
ALABAMA, INC., et al., ) 2005-1630)
)
Defendants. )

## ANSWER

COMES Defendant, Sysco Food Services of Central Alabama, Inc., ("Sysco") and for answer to the Plaintiff's Complaint says as follows:

1. Admitted.

2. Defendant admits, on information and belief, that Plaintiff is 51 years old and a resident of Bay County, Florida. Defendant further admits that it employed Plaintiff. Otherwise, the allegations in Paragraph 2 are denied.

3. Defendant admits that on or about June 29, 2004, Plaintiff, while driving a truck for Defendant, was involved in an accident. Otherwise, the allegations in Paragraph 3 are denied.

4. Admitted.

5. Defendant admits that no one else was injured in the accident. Otherwise, the allegations in Paragraph 5 are denied.

6. Defendant admits that the Plaintiff sustained injuries and that Plaintiff has been treated for those injuries, including surgery. Otherwise, the allegations in Paragraph 6 are denied.

7. Denied.

8. Denied.

9. Defendant admits that it terminated Plaintiff's employment. Otherwise, the allegations in Paragraph 9 are denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

## COUNT ONE

1. Admitted.

2. Defendant admits that it employed Plaintiff, that Plaintiff was involved in a vehicle accident while driving a truck for Sysco, that said accident

{B0520310}

2

occurred in Montgomery County, and that Plaintiff suffered injuries. Otherwise, the allegations in Paragraph 2 are denied.

3. In response to Paragraph 3, Defendant states that it has paid Plaintiff all amounts owed as a result of this accident. Otherwise, the allegations in Paragraph 3 are denied.

4. Denied.

5. Defendant admits that it had knowledge of Plaintiff's accident. Otherwise, the allegations of Paragraph 5 are denied.

6. The allegations of Paragraph 6 relate to fictitious Defendants, and, therefore, do not require a response.

7. Denied.

## COUNT TWO

8. Defendant adopts and incorporates its responses to all allegations in Count One.

9. Defendant admits the allegations of the first sentence of paragraph 9. Defendant further admits that Count Two is brought under Section 25-5-11.1 of the Code of Alabama. Otherwise, the allegations of Paragraph 9 are denied.

10. Denied.

{B0520310}

11. Denied.

12. Denied.

## COUNT THREE

13. Defendant adopts and incorporates its responses to the allegations in Count One and Two.

14. Denied.

15. Denied.

16. Denied.

17. Defendant denies that the Plaintiff is entitled to any relief whatsoever.

18. Except as expressly admitted, all allegations of the Complaint are denied.

## FIRST DEFENSE

The Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Florida law may apply to some or all of Plaintiff's claims. Accordingly, Sysco asserts all available defenses under Florida law.

{B0520310}

## THIRD DEFENSE

Plaintiff's claims, in whole or in part, may be barred by the applicable statutes of limitation.

## FOURTH DEFENSE

Plaintiff has failed to satisfy all administrative prerequisites to filing suit.

## FIFTH DEFENSE

Plaintiff was terminated for legitimate, non-discriminatory reasons having nothing to do with his age or claim for workers' compensation benefits.

## SIXTH DEFENSE

Plaintiff has not been willing and able to return to work since his accident. Therefore, his claims and/or damages may be barred or limited.

## SEVENTH DEFENSE

Plaintiff's claims, in whole or in part, may be barred by his failure to cooperate fully with the equal employment opportunity commission with regard to its investigation.

## EIGHTH DEFENSE

The Plaintiff's claims, in whole or in part, may be barred by the exclusivity provisions of the Alabama workers' compensation laws.

## NINTH DEFENSE

{B0520310}

Plaintiff has failed to satisfy his duty to mitigate his damages.

### TENTH DEFENSE

Compensatory and punitive damages are not legally recoverable as to some or all of Plaintiff's claims.

### ELEVENTH DEFENSE

An award of punitive damages in this action would violate state and federal constitutions.

### TWELFTH DEFENSE

An award of punitive damages in this case would be contrary to Defendant's good faith efforts to comply with the law.

### THIRTEENTH DEFENSE

Sysco has a policy prohibiting age discrimination, which Plaintiff failed to avail himself of during his employment.

### FOURTEENTH DEFENSE

Defendant denies that it terminated the Plaintiff's employment based upon his age or claim for workers' compensation benefits. However, to the extent it is determined that the Plaintiff's age or workers' compensation claim played any role in the termination decision, which Sysco denies, Sysco pleads that it would have made the same decision in any event for other legitimate reasons.

{B0520310}

## FIFTEENTH DEFENSE

Plaintiff failure to assert a claim for workers' compensation benefits under Alabama law until this lawsuit forecloses Plaintiff's claim of retaliatory discharge under §25-5-11.1.

WHEREFORE, Defendant demands judgment in its favor, including an award of costs and attorney's fees incurred in the defense of this action.

_____
Arnold W. Umbach, III
(ASB-1932-M66A)
Attorney for Defendant, Sysco Food
Services of Central Alabama, Inc.

OF COUNSEL:

STARNES & ATCHISON, LLP
Seventh Floor, 100 Brookwood Place
Post Office Box 598512
Birmingham, AL 35259-8512
(205) 868-6000

## CERTIFICATE OF SERVICE

I do hereby certify that I have caused a copy of the foregoing pleading to be mailed to counsel for all parties to this action on this the _10_ day of August, 2005.

_____
Of Counsel

cc:
Davis L. Middlemas, Esq.
SOUTHLAW, P.C.
3120 AmSouth/Harbert Plaza
1901 6th Avenue North
Birmingham, AL 35203

{B0520310}