# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

FRANK FISCHER, an individual,   )
                           )
          Plaintiff,       )
                           )
v.                         ) Civil Action No. 2:05-cv-00763-DRB
                           )
SYSCO FOOD SERVICES OF     )
CENTRAL ALABAMA, INC., et al., )
                           )
          Defendants.    )

## FIRST INTERROGATORIES

COMES NOW the Defendant, SYSCO FOOD SERVICES OF CENTRAL ALABAMA, INC., and pursuant to Rule 33 of the Federal Rules of Civil Procedure, submits the following interrogatories to be answered by plaintiff, in writing and under oath within the time prescribed in Rule 33.

Where, in the answers of Plaintiff, facts set forth in the answers or portions thereof are supplied upon information and belief, rather than upon Plaintiff's knowledge, Plaintiff should so state, and specifically identify and describe the source or sources of such information and belief. Should Plaintiff be unable to answer any interrogatory or portion thereof by either actual knowledge or information and belief, Plaintiff should so state in detail Plaintiff's efforts to obtain

such knowledge as would enable Plaintiff to answer said interrogatories or portions thereof.

## **DEFINITIONS**

1.      The words "you," "your," and variants thereof mean Plaintiff.

2.      "Defendant" refers to Sysco Food Services of Central Alabama, Inc.

3.      "Identify" or "identification," "describe," or "description":

(a)      when used in reference to an individual means to state his full name, present or last known address, and occupation, if any;

(b)      when used in reference to a corporation, association, or business entity, means to state its full name, and its principal place of business;

(c)      when used in reference to a person other than an individual or a corporation (specifically including any governmental agencies), means to state its official name and address;

(d)      when used in reference to a document, means to state the type of document (for example, affidavits, charges of discrimination, reports, synopses of interviews, internal memoranda, letters, memoranda, tape recordings, or the like), date, author, addressee, its present location, the name and address of its custodian, and the substance of the contents thereof.  In lieu of identifying any document, copies thereof may be furnished.

(e)      when used in reference to any act, occurrence, occasion, meeting, transaction, or conduct ("act"), means set forth the event or events constituting such an act, its location, the date and persons participating, present or involved, and the documents relating or referring in any way thereto.

4.     "Conversation(s)," as used in these interrogatories refers to all oral communications regardless of the manner in which such oral communication took place.  When identification of a conversation is requested, the following shall be separately stated as to each communication:  the date, the place or places at which it occurred; the persons and their business or governmental affiliations; the substance of the communication; the name and addresses of any other persons, who, although not present or involved, possess information concerning the existence or nature of such communication.

The following interrogatories shall be deemed to be continuing to the full extent required by Rule 26(e)(2) of the Federal Rules of Civil Procedure.

## <u>INTERROGATORIES</u>

1.     Please state your name and address, your date of birth, social security number and all names by which you have been known in the past.

2.     Provide your residence address(es) for the past five years.

3.     (a)     Identify each educational institution at which you have been enrolled at any time.

(b)     With regard to each such institution you have identified in response to subsection (a) above, please state: (i) the dates during which you attended each such institution; (ii) the course of study you pursued; (iii) the highest academic level you attained; and (iv) whether you successfully completed the prescribed course of study.

4.     State the name and address of each person, firm, or corporation for whom or with whom you were employed prior to accepting employment with Defendant.

5.     With respect to each employer which you have identified in your response to interrogatory number 4, state:  (i) the dates during which you were employed at each such employer; (ii) the name of your immediate supervisor; (iii) the position which you held; (iv) the rate of your compensation, and (v) the reason for your ultimate separation from employment at each former employer.

6.    State the name and address of each person, firm, or corporation for whom or with whom you became employed following your employment with Defendant.

7.    With respect to each employer which you have identified in your response to interrogatory number 6, state:  (i) the dates during which you were employed at each such employer; (ii) the name of your immediate supervisor; (iii) the position which you held; (iv) the rate of your compensation, and (v) the reason for your ultimate separation from employment at each former employer.

8.    (a)    State whether you filed Alabama and federal income tax returns for each of the following years:  2001, 2002, 2003, 2004, 2005.

(b)    State the amount of your gross income in each calendar year, 2001, 2002, 2003, 2004, 2005, inclusive.

9.    State the amount of income you have earned in 2006 as of the date of your response to these interrogatories.

10.    (a)    State the amount of monetary loss which you assert you have experienced as a result of the alleged conduct made the basis of your complaint as of the date of your response to these interrogatories.

(b)    State each calculation which you performed to arrive at the amount stated in subpart (a) in sufficient detail to permit duplication by this defendant of your calculations.

11.    (a)    State the amount of compensatory damages which you assert you are entitled to recover as a result of the alleged conduct made the basis of your complaint as of the date of your response to these interrogatories.

(b)    For each item which you claim an entitlement to compensatory damages, state all the facts, events and circumstances giving rise to your claim, including identifying the time of the occurrence, any witnesses to the occurrence, and a detailed description of each event.

> (c)     State each calculation which you performed to arrive at the amount stated in subpart (a) in sufficient detail to permit duplication of your calculations.
>
> (d)     Provide all documents that support your claims for compensatory damages.

12.     Identify any and all individuals who participated in any alleged acts or omissions made the basis of your complaint not identified elsewhere in your answers, and describe fully the details of any act or omission in which they participated.

13.     Identify any written notes, diaries, letters, documents, records, computer records, audio or video tapes which you have maintained which describe, reflect, or relate in any way to the allegations in your complaint.

14.     For each document for which you claim privilege or work product protection as a ground for objection and refusal to produce in response to Defendant's Request for Production of Documents filed contemporaneously herewith, please set forth for each such document its:

> (a)     title or description;
>
> (b)     date;
>
> (c)     the author and all addressees (including blind and carbon copies);
>
> (d)     subject matter; and
>
> (e)     the basis for any refusal to produce.

15.     Please identify each person you expect to call as an expert witness at trial and please indicate, as to each such person:

> (a)     The subject matter on which the expert is expected to testify;

(b)    The substance of the facts and opinions to which each such person is expected to testify and a summary of the grounds for each opinion.

16.    To the extent not identified elsewhere in your answers, identify each individual who you believe may have knowledge concerning your allegations.

17.    Please provide the name, address, employer, and relationship to the Plaintiff of each person who resides in the Middle District of Alabama to whom Plaintiff is/was related by blood or marriage.

18.    (a)    Have you ever filed a petition for bankruptcy?

(b)    If your answer is "yes" to subpart (a), identify the case by court, case number and year.

19.    Describe the efforts you have made to obtain employment since your separation from Sysco.

20.    Did you file for unemployment following your separation from Sysco?

21.    Have you been unable to work for any period of time since your separation from Sysco?  If so, for what period and why?

Arnold W. Umbach III
(ASB-1932-M66A)

OF COUNSEL:
STARNES & ATCHISON LLP
100 Brookwood Place, 7th Floor
P. O. Box 598512
Birmingham, Alabama  35259-8512

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a true and correct copy of the foregoing upon:

> Davis L. Middlemas, Esq.
> Middlemas & Berry
> 205 20th Street North
> Suite 210
> Birmingham, AL  35203-4706

by United States Mail, postage prepaid, on this the 21st day of December, 2005.

_____
OF COUNSEL
