# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| FRANK FISCHER, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:05-cv-00763-DRB |
| | ) |
| SYSCO FOOD SERVICES OF | ) |
| CENTRAL ALABAMA, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW SYSCO FOOD SERVICES OF CENTRAL ALABAMA, INC., Defendant in the above styled matter and, pursuant to Rule 34 of the Federal Rules of Civil Procedure requests Plaintiff to respond to the following request:

That Plaintiff produce for inspection and copying at the offices of STARNES & ATCHISON LLP, Seventh Floor, Brookwood Place, Post Office Box 598512, Birmingham, Alabama, 35259-8512 within the time required under Rule 34 of the Federal Rules of Civil Procedure, the following documents and permit this Defendant or its attorneys to inspect and copy any and all of same:

# DEFINITIONS AND INSTRUCTIONS

A. The term "Defendant" unless otherwise required by the context, shall mean for purposes of this request, Sysco Food Services of Central Alabama, Inc., its attorneys, investigators, representatives, and any other person or entities that act on their behalf.

B. The term "Plaintiff" shall mean, for purposes of this request, Frank Fischer, and any person or entity that has acted on behalf of Frank Fischer.

C. "Document" and "Documents" is synonymous in meaning and equal in scope to the usage of that term in Rule 34 of the Federal Rules of Civil Procedure and includes, without limitation, all written, recorded or graphic matters whatsoever and all non-identical copies thereof, including, but not limited to, papers, books, records, medical records, radiographic studies, pathology items, letters, photographs, electronic mail, computer film, backup tapes, hard disks, floppy disks, databases, videotapes, audiotapes, tangible things, correspondence, communications, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports, records of telephone or other conversations, statements, summaries, opinions, studies, analyses, evaluations, contracts, agreements, brochures, publications, invoices, receipts, canceled checks, statements of witnesses, findings of investigation, insurance policies, claim forms, insurance papers, diaries, logs, prescription records, income tax returns, applications for insurance, applications for employment, claims for social security benefits, death certificates, letters of administration, literature, summaries, reports of experts, reports of consultants, all records kept by electronic, computer, photographic or mechanical means, any notes or drafts relating to any of the foregoing, all things similar to the foregoing, and any other documents as defined in Rule 34 of the Federal Rules of Civil Procedure of any kind or character in your possession, custody or in control <u>or</u> known by you to exist.

D. The term "Person" refers to any individuals, corporations, organizations, associations, partnerships, business concerns or other entities.

E. "Communication" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, correspondence, notes or any other form of oral or written intercourse.

F. Sysco Food Services of Central Alabama, Inc. requests that its attorneys be allowed to inspect the requested documents and to make copies, at its

2

{B0555335}

expense, of such of the documents as they may deem appropriate; Sysco Food Services of Central Alabama, Inc. further states that this request is continuing in nature, requiring any supplementation as may become available; that Frank Fischer produce all such things within his/her possession, custody or control, including any such things in the possession of third parties (including accountants, attorneys, etc.), to which Frank Fischer has the right of access or control.

G. If you claim privilege or work-product protection for any document, identify each such document, and with respect to each such document, state the specific basis for the claim of privilege or protection and provide the following information:

(1) the subject matter of each document;

(2) the date appearing on each document, or if no date appears thereon, the date or approximate date on which the document was prepared; and

(3) the general nature or description of each document and the number of pages on which it consists.

H. To the extent that production of any document pursuant to this Request is delayed or withheld pending resolution of any objection(s) to production asserted by you, all documents not subject to such objection(s) shall be produced without delay in accordance with the Federal Rules of Civil Procedure.

## DOCUMENTS REQUESTED

1. All documents reflecting or relating to communications between Plaintiff and Defendant or any representative, agent, official, manager, officer, or employee of Defendant.

2. All documents which reflect, refer or relate to any employment practices, procedures or policies of Defendant.

3. All documents, including but not limited to any employee handbook, work rules or personnel policies of Defendant.

3

{B0555335}

4. All documents which Plaintiff received from Defendant relating to any and all employment benefits provided by Defendant (i.e., pension, retirement benefits, savings plan, life insurance, etc.).

5. All documents reflecting or relating to the allegations in Plaintiff's complaint.

6. All documents reflecting, referring, or relating to any complaints, or requests, either oral or written, you made to Defendant or any representative, agent, official, employee, or former employee of Defendant, pertaining, in any way, to your employment with Defendant.

7. All documents which refer or relate to the work performance of Plaintiff, either favorably or unfavorably, at any time during Plaintiff's tenure of employment with Defendant.

8. All documents reflecting, referring, or relating to communications by plaintiff with employees, or former employees, officers, directors, or managers of Defendant.

9. All documents reflecting, referring, or relating to communications by Plaintiff with employees, former employees, officers, directors, or managers of Defendant which communications mention, discuss, refer or relate to Plaintiff's claims.

10. All documents reflecting or relating in any way to the damages claimed by Plaintiff in this action.

11. All copies of income tax returns, state and federal, and attachments, (including W-2 forms), schedules and amendments thereto, filed by Plaintiff, whether separately or jointly, for all or any portion of the five preceding calendar years.

12. All documents which evidence, reflect, or relate to the amount of income you have earned in 2006 as of the date of your response to these interrogatories.

13. All documents reflecting income earned from any entity or individual besides Defendant for the last five years.

4

{B0555335}

14. All documents, specifically including any notes, audio or video tapes, diaries, calendars, or writings of any sort which refer to, relate to, or reflect any facts, circumstances, or events concerning Plaintiff's claims in this action.

15. All documents filed by Plaintiff with the Equal Employment Opportunity Commission.

16. All electronic documents, specifically including e-mail, which refer to, relate to, or reflect any facts, circumstances, or events concerning Plaintiff's claims in this action.

17. All documents reflecting, evidencing, or relating to your efforts to obtain employment since your separation from Sysco.

18. All documents relating to any unemployment claim made by you since your separation from Sysco.

19. All documents relating to any workers compensation claim you have made against Sysco.

Defendant requests that all request responses be continually supplemented in the event that additional documents or things are obtained in the future by or on behalf of Plaintiff.

 

Arnold W. Umbach III
(ASB-1932-M66A)

OF COUNSEL:
STARNES & ATCHISON LLP
100 Brookwood Place, 7th Floor
P. O. Box 598512
Birmingham, Alabama  35259-8512

5

{B0555335}

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have served a true and correct copy of the foregoing upon:

>Davis L. Middlemas, Esq.
>Middlemas & Berry
>205 20th Street North
>Suite 210
>Birmingham, AL  35203-4706

by United States Mail, postage prepaid, on this the 21st day of December, 2005.

_____

OF COUNSEL

{B0555335}