IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FRANK FISCHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:05-cv-763-MEF |
| | ) (WO - not for publication) |
| SYSCO FOOD SERVICES OF | ) |
| CENTRAL ALABAMA, INC., *et. al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Defendant Sysco Food Services of Central Alabama, Inc.'s (hereinafter "Sysco") Motion to Dismiss (Doc. # 10).

**I. Procedural History**

On December 13, 2005, the parties filed their Report of Parties' Planning Meeting (Doc. # 4). By the terms of the agreement, pre-discovery disclosures were to be exchanged by January 27, 2006. On February 23, 2006, Sysco filed a Motion to Compel, stating that none of the disclosures had been received as of that date (Doc. # 6). On February 24, 2006, the Court entered an Order granting the motion to compel and directing Plaintiff Frank Fischer to respond to Sysco's written discovery and give initial disclosures by March 10, 2006 (Doc. # 7). On March 14, 2006, Sysco filed its Motion to Dismiss (Doc. # 10) requesting dismissal pursuant to Federal Rules of Civil Procedure 37(b) and 41(b) based on Plaintiff's failure to comply with the Court's February 24, 2006 Order. In his response to the motion to dismiss (Doc. # 13), Plaintiff's counsel states that his failure to provide

discovery was due to the fact that he was unaware of the February 24, 2006 Order because he was not properly registered with the Court's electronic filing system and because he failed to inform the Court of his change of address. Plaintiff also states that he is providing Sysco with the discovery requested. Finally, Plaintiff requests an additional 14 days to respond to all discovery requests. In its reply to Plaintiff's response, Sysco renews its request for dismissal, but in the alternative requests that the Court award Sysco reasonable expenses in preparing and filing the motion to compel and the motion to dismiss pursuant to Federal Rule of Civil Procedure 37(a)(4)(A).

## II. Discussion

Because the requested initial disclosure information has been provided and Plaintiff intends to respond to all other discovery requests, the Court holds that dismissal of this case pursuant to Federal Rule of Civil Procedure 37(b) or Rule 41(b) is unwarranted. However, the Court will consider Sysco's request for expenses pursuant to Federal Rule of Civil Procedure 37(a)(4)(A).

Rule 37(a)(4)(A) provides that

> If the motion [to compel disclosure] is granted . . . the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing

---

[1] Sysco does not specifically state that it has received the initial disclosures, but also does not dispute Plaintiff's assertion that they were provided.

party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(A). Sysco attempted to contact Plaintiff's counsel before filing the motion to compel, thus the Court finds that Sysco made a good faith effort to obtain the discovery prior to involving the Court. The Court also finds that Plaintiff's counsel's reasons for his failure to respond to the discover requests are not substantially justified. Therefore, because there is no other reason that an award of expenses would be unjust, the Court holds that Plaintiff must pay the reasonable expenses, including attorney's fees, that Sysco incurred in preparing and filing both the motion to compel and the motion to dismiss.

### III. Conclusion

For the reasons set forth above, it is hereby ORDERED that

1. Sysco's Motion to Dismiss (Doc. # 10) is DENIED.

2. Plaintiff's request for an additional 14 days to respond to all discovery requests is DENIED.

3. Sysco's request for reasonable expenses, including attorney's fees, that Sysco incurred in preparing and filing the motion to compel and the motion to dismiss is GRANTED.

4. Sysco must submit an itemization of expenses and attorney's fees incurred in preparing and filing the motion to compel and the motion to dismiss on or before May 5, 2006.

5. Plaintiff may file a response to Sysco's itemization on or before May 12,

2006.

DONE this 1st day of May, 2006.

                                          /s/ Mark E. Fuller
                                  CHIEF UNITED STATES DISTRICT JUDGE