## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| FRANK FISCHER, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )Civil Action No. 2:05-cv-00763-MEF |
| | ) |
| SYSCO FOOD SERVICES OF | ) |
| CENTRAL ALABAMA, INC., | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S MOTION TO ALTER, AMEND OR VACATE ORDER AND/OR SET ASIDE ORDER

Comes Now the Plaintiff, Frank Fischer, by and through his undersigned counsel, and moves this Honorable Court to alter, amend or vacate and/or set aside its order of May 1, 2006 and as grounds therefore states as follows:

1. The delay in responding to the discovery requests of the Defendant did not warrant a finding by this Honorable Court that attorney's fees and costs by the Defendant should be paid by the Plaintiff.

2. That, as the Plaintiff stated in his response to Defendant's motion to dismiss, the failure to respond to the discovery requests timely

was not intentional and was partly due to the Plaintiff's not

receiving electronic notices stating that the motion to compel had

been filed or that a motion to dismiss had been filed.

3. The attachment made by the Defendant to its motion to dismiss indicating that a request for responses to the discovery by letter also shows that the letter was sent to the undersigned's old office address even though counsel for Defendant knew of the new office address as evidenced by the fact that previous correspondence had been sent to the new address.

4. The language of Federal Rule of Civil Procedure 37 (a) (4) (A) seems designed to address those situations where there was an intention by the party not responding to the discovery to thwart the discovery process or to gain some sort of tactical advantage in the litigation process by not responding. That is not the situation in this case as the reasons for the failure to answer have been shown to be a result of oversight and lack of knowledge of the pending motions rather than a concerted effort to deny the Defendant information necessary to defend the claims made by the Plaintiff.

5. The Defendant further should not be awarded attorney's fees and costs for the failure of the Plaintiff to timely respond to discovery requests when it has never responded to the discovery requests filed by the Plaintiff and served on the Defendant along with the summons and complaint.

Wherefore, Premises Considered, the Plaintiff prays this Court will alter, amend or vacate and/or set aside its order of May 1, 2006 granting Sysco's request for expenses and attorney's fees. The Plaintiff prays for such further, other or different relief to which he may be entitled.

<u>s/Davis L. Middlemas</u>
Davis L. Middlemas
ASB-2103-E63D
Attorney for Plaintiff
MIDDLEMAS & BERRY, LLP
205 North 20th Street, Suite 210
Birmingham, AL 35203
(205) 380-0737
(205) 251-1872
Davis@middlemasberry.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of May, 2006, I provided a copy of the foregoing  to counsel for Defendant via facsimile and U.S. Mail to the following address and fax number:

William D. Smith, Jr., esq.
Arnold W. Umbach, Esq.
Starnes & Atchison LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, AL 35259
Facsimile # 205- 868-6099

Donald B. Kirkpatrick, II, Esq.
Carr, Allison, Pugh, Howard, Oliver & Sisson
100 Vestavia Parkway, Suite 200
Birmingham, AL 35216

<u>s/Davis L. Middlemas</u>
Davis L. Middlemas