**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| FRANK FISCHER, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:05-cv-00763-DRB |
| | ) |
| SYSCO FOOD SERVICES OF | ) |
| CENTRAL ALABAMA, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**SYSCO'S RESPONSE AND OPPOSITION TO PLAINTIFF'S MOTION
TO ALTER, AMEND OR VACATE ORDER AND/OR SET ASIDE ORDER**

Comes NOW the Defendant Sysco Food Services of Central Alabama, Inc. (hereinafter "Sysco") in response and opposition to plaintiff's Motion to Alter, Amend or Vacate Order and/or Set Aside Order (May 1, 2006), awarding attorney's fees. Sysco recognizes that the award of attorney's fees is within the sole discretion of the Court and does not believe that the Court abused its discretion. Instead, Sysco agrees with the stated findings of this honorable Court that "Plaintiff's counsel's reasons for his failure to respond to the discovery requests are not substantially justified." Thus, Sysco asks this Court to overrule Plaintiff's motion to reconsider the award of attorney's fees, and, as grounds therefore, states the following:

1.      Plaintiff's motion fails to comply with this Court's May 1, 2006 Order.  The Court allowed Plaintiff  to "file a response to Sysco's itemization," not a motion to reconsider the award of fees.  In any event, Plaintiff does not raise any new or substantive issues in his new motion and does not challenge Sysco's itemization. Upon these activities, the Court should award attorney's fees to Sysco as set forth in the itemized filing.

2.      Plaintiff misconstrues the language of Federal Rule of Civil Procedure 37(a)(4)(a).  The rule provides in pertinent part: "If a motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court ***shall***, after affording an opportunity to be heard, ***require*** [the party necessitating the motion] … to pay the moving party reasonable expenses … including attorney's fees."  (Emphasis added).

3.      Federal Rule of Civil Procedure 37(a)(4)(a) provides few exceptions to the shall or mandatory award of fees: 1) "the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action," or 2) ""the opposing party's nondisclosure … was substantially justified," or 3) "other circumstances make an award of expenses unjust."

2

4.     This Court has previously ruled that Sysco made a good faith effort to compel discovery without involving the Court.  First, Sysco complied with the terms of the Parties Planning Meeting, by timely submitting pre-discovery disclosures.  Second, Sysco endeavored through correspondence to resolve Plaintiff's failure to respond to discovery.  Only afterwards, did Sysco file its Motion to Compel.  Sysco notes, that even with the Court's involvement, granting of a Motion to Compel, requiring a Response to Sysco's Motion to Dismiss, and the Court's Order awarding fees,  it took Sysco's Second Motion to dismiss for Plaintiff to comply with discovery.

5.     The Court has adequately reviewed the pleadings of the Plaintiff and determined that the failure to respond was not "substantially justified."  Plaintiff does not and cannot dispute that Sysco's First Interrogatories and Request for Production, dated December 21, 2005, were delivered to Plaintiff's counsel's present and now current address, as updated with the Court.  Upon receipt, Plaintiff had 30 days to comply with discovery or request an extension, which he failed to do.  There has been no showing of Plaintiff's counsel that mail from any previous address has not been forwarded to his current address.  Plaintiff's counsel has not indicated that he did not take the normal process of having mail forwarded.  Sysco has not received any correspondence back from the postal service as undeliverable.

3

The Court properly decided that Plaintiff's failure to respond was not "substantially justified."  The plaintiff has an obligation to exercise due diligence in prosecuting the case, which should include not only responding to discovery, but status updates and monitoring.  See Bacon v. Winn-Dixie Montgomery, Inc., 730 So.2d 600 (Ala. 1998) (refusing to allow additional time to file an appeal, where party contended he was not aware of the court's entry of judgment against him; the Court held that counsel did not act diligently in keeping abreast of the case by at least checking with the clerk's office for status updates); Heaton v. Bonacker & Leigh, 173 F.R.D. 533 (M.D. Ala. 1997) (upholding a default judgment for lack of excusable neglect where internal mail procedures caused the complaint to be lost; the Court held that defendant failed to properly track litigation matters).  Plaintiff's counsel has an obligation to monitor the case, which would appear to include updating his address for electronic filing with the Court and making sure that mail is properly delivered to his attention, after an office move.  Sysco agrees with the Court that the failure to respond was not substantially justified.


6.     Plaintiff has not listed other circumstances that would make the award unjust, unless he relies on his inaccurate contention that Sysco has not responded to discovery.  As previously mentioned, Sysco complied with the parameters of the Parties Planning Meeting by timely submitting initial disclosures.  Sysco is not

4

{B0595970}

aware of any discovery propounded by the Plaintiff after the Planning Meeting, when discovery becomes proper. See Federal Rule of Civil Procedure 26(d): "… a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Indeed, the filing of this motion is the first time Plaintiff has ever made Sysco aware of any alleged outstanding discovery. Plaintiff has not endeavored by correspondence or otherwise to alert Sysco that it had discovery, even discovery that does not comply with the Federal Rules of Civil Procedure, outstanding.

7.      It appears, that under these circumstances, as properly decided by the Court's May 1, 2006 Order, that Federal Rule of Civil Procedure 37(a)(4)(a) not only allows but requires the award of reasonable expenses including attorney's fees. Plaintiff has presented no new evidence to disprove that requirement.

       WHEREFORE, PREMISES CONSIDERED, Sysco respectfully requests the Court to overrule Plaintiff's motion to Alter, Amend or Vacate Order and/or Set Aside Order and Sysco moves that the Court award fees consistent with the itemization filed by Sysco in compliance with the Court's May 1, 2006 Order.

{B0595970}

s/William D. Smith, Jr.
William D. Smith, Jr.
ASB-2906-T74W
Attorney for Defendant
Sysco Food Services
of Central Alabama, Inc.
STARNES & ATCHISON LLP
100 Brookwood Place, 7th Floor
P. O. Box 598512
Birmingham, Alabama  35259-8512
(205) 868-6000
(205) 868-6099 Facsimile
wsmith@starneslaw.com

{B0595970}

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Davis L. Middlemas, Esq.
>MIDDLEMAS & BERRY, LLP
>205 North 20th Street, Suite 210
>Birmingham, Alabama  35203

>Donald B. Kirkpatrick II
>Carr, Allison, Pugh, Howard, Oliver & Sisson, P.C.
>100 Vestavia Parkway, Suite 200
>Birmingham, Alabama  35216

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

>None.

>s/William D. Smith, Jr.
>William D. Smith, Jr.
>ASB-2906-T74W
>Attorney for Defendant
>Sysco Food Services
>of Central Alabama, Inc.
>STARNES & ATCHISON LLP
>100 Brookwood Place, 7th Floor
>P. O. Box 598512
>Birmingham, Alabama  35259-8512
>(205) 868-6000
>(205) 868-6099 Facsimile
>wsmith@starneslaw.com

7