## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| FRANK FISCHER, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )Civil Action No. 2:05-cv-00763-MEF |
| | ) |
| SYSCO FOOD SERVICES OF | ) |
| CENTRAL ALABAMA, INC., | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND
### MOTION TO DISMISS

Comes Now the Plaintiff, Frank Fischer, by and through his

undersigned counsel, and responds to Defendant's second motion to dismiss

previously filed in this matter as follows:

1.      This Defendant who is now seeking to have this case dismissed

for the Plaintiff's delay in answering its interrogatories, has never responded

to the interrogatories and requests for production which were served on the

Defendant with the summons and complaint in July of 2005.

2.      The Defendant has now been provided responses to their

interrogatories and request for production.

3.        The Defendant is again seeking to have this case dismissed because the discovery responses were not provided after this Honorable Court's order of May 1, 2006.  However, the Plaintiff, in his response to Defendant's initial motion to dismiss, requested an additional 14 days to respond to the discovery requests filed by the Defendant.  The Plaintiff was waiting on an Order from the Court to determine if he in fact would be granted additional time to respond to the requests and also to see if the Defendant's motion would be granted.

4.        The actions by the Defendant make it abundantly clear that it has no desire to attempt to constructively work through discovery disputes with the Plaintiff.  The Defendant seeks court intervention after making little to no effort to contact the undersigned to see if the discovery dispute can be amicably resolved.  In this current instance, if counsel for Defendant had simply contacted the undersigned by phone after this Court's order of May 1st and inquired as to when he could expect to receive his discovery responses in order to prepare for the deposition of the Plaintiff, the motion and this response would not have been necessary.

5.        The Defendant cites, in its second motion to dismiss, that it has not been able to depose the Plaintiff.  The Defendant fails to state, however, that the undersigned has had conversations with counsel for Defendant

wherein the undersigned had informed counsel for Defendant that the

Plaintiff had been undergoing chemotherapy treatments for cancer and

perhaps would need some additional time before being able to sit for

deposition.  Further, the undersigned had an additional conversation with

counsel for Defendant after the undersigned's response to Defendant's initial

motion to dismiss and in that conversation counsel for Defendant suggested

that the parties wait on rescheduling the deposition of the Plaintiff until the

Court rendered a decision on the motion to dismiss and the Plaintiff's

request for an additional 14 days to respond to discovery.

6.          There has been no effort by the Plaintiff to slow the discovery

process in this matter.  There were some delays caused by the undersigned's

old law firm closing and the necessity of relocating and there have been

delays associated with the Plaintiff, Mr. Fischer's, diagnoses of cancer and

the treatment of that cancer.  The Defendant has not been prejudiced as there

is still sufficient time in which to complete discovery before the June 27,

2006 discovery completion deadline and sufficient time for this Defendant to

file any dispositive motions by the July 28, 2006 deadline.  In addition, if the

Defendant needed an adjustment on the dispositive motion deadline or any

other deadline in this matter the Plaintiff would gladly accommodate such a

request provided that the Court did not disapprove of such an adjustment.

7.	The Plaintiff, as mentioned above, is willing to sit for deposition on a date and at a time that can be agreed upon with the Defendant's counsel.  The discovery deadline has not passed and there is sufficient time in the month of May or in the month of June to schedule and complete such a deposition.  The Plaintiff is in need of deposing the corporate representative of the Defendant and perhaps two other persons associated with personnel matters and decisions at Sysco Food Services.  All of these depositions can be taken and completed before the discovery completion deadline mutually agreed upon by the parties.

8.	The current dispute over the delay in responding to discovery does not warrant the severe sanction of dismissal particularly when the Defendant itself has not responded to the discovery requests of the Plaintiff which were served with the summons and complaint filed on June 30, 2005.

s/Davis L. Middlemas

Davis L. Middlemas
ASB-2103-E63D
Attorney for Plaintiff
MIDDLEMAS & BERRY, LLP
205 North 20th Street, Suite 210
Birmingham, AL 35203
(205) 380-0737
(205) 251-1872
Davis@middlemasberry.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2006, I provided a copy of the foregoing to counsel for Defendant via facsimile and U.S. Mail to the following address and fax number:

William D. Smith, Jr., esq.
Arnold W. Umbach, Esq.
Starnes & Atchison LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, AL 35259
Facsimile # 205- 868-6099

Donald B. Kirkpatrick, II, Esq.
Carr, Allison, Pugh, Howard, Oliver & Sisson
100 Vestavia Parkway, Suite 200
Birmingham, AL 35216

s/Davis L. Middlemas
Davis L. Middlemas
ASB-2103-E63D
Attorney for Plaintiff
MIDDLEMAS & BERRY, LLP
205 North 20th Street, Suite 210
Birmingham, AL 35203
(205) 380-0737
(205) 251-1872
Davis@middlemasberry.com