# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| FRANK FISCHER, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:05-cv-00763-MEF |
| | ) |
| SYSCO FOOD SERVICES OF | ) |
| CENTRAL ALABAMA, INC., | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT SYSCO'S ITEMIZATION OF EXPENSES AND ATTORNEY'S FEES**

Comes Now the Plaintiff, Frank Fischer, by and through his undersigned counsel, and, pursuant to this Honorable Court's order of May 1, 2006, responds to Sysco's claim for, and itemization of, expenses and attorney's fees:

1.  Plaintiff has previously set out, in his motion to alter, amend or vacate the order of May 1, 2006, his position that the Defendant, Sysco, should not be awarded attorney's fees and expenses related to the filing of motions to compel and dismiss related to discovery disputes in this action. The Plaintiff reaffirms those reasons set forth in the previous motion but will not restate them here.

2. The attorney's fees submitted by Defendant are excessive and go above and beyond, in terms of time and expense, what is normally necessary to file relatively simple, straightforward motions such as those filed by Sysco in this instance.

3. If this Honorable Court denies the Plaintiff's pending motion to alter, amend or vacate and/or set aside the order of May 1, 2006, and still finds that an award of attorney's fees and expenses is appropriate in this matter, the amount ordered to be paid by the Plaintiff should be limited to those amounts directly related to the drafting of the motion to dismiss. According to the undersigned's reading of the submitted itemization those amounts total either $540.00 (drafting motion to dismiss) or $648.00 (drafting of motion to dismiss plus revising of motion to dismiss).

4. The Defendant's submission included an additional $2,367.00 for various other matters such as attorney meetings and discussions and telephone conferences that should not be the responsibility of the Plaintiff even if this Honorable Court finds, upon considering the Plaintiff's motion to alter, amend or vacate, that the award of attorney's fees and expenses is justified despite the fact that Sysco has never responded to the discovery filed by the Plaintiff and despite the fact that there is no evidence of an intent on the part of the Plaintiff to deliberately refuse to respond to discovery.

5.  The Plaintiff does not intend, with the assertions in this response, to imply that, in the abstract and generally speaking, counsel for Defendant should not be entitled to fees at the rate set out in the itemization. The undersigned, on behalf of the Plaintiff, knows that counsel for the Defendant are accomplished and distinguished attorneys and are representing their client ably and conscientiously.

6.  The Plaintiff, with this response, simply seeks a fair and reasonable ruling on the assessment of attorney's fees and expense sanctions.

Respectfully Submitted,

s/Davis L. Middlemas

Davis L. Middlemas
ASB-2103-E63D
Attorney for Plaintiff
MIDDLEMAS & BERRY, LLP
205 North 20th Street, Suite 210
Birmingham, AL 35203
(205) 380-0737
(205) 251-1872
Davis@middlemasberry.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2006, I provided a copy of the foregoing to counsel for Defendant via facsimile and U.S. Mail to the following address and fax number:

William D. Smith, Jr., esq.
Arnold W. Umbach, Esq.
Starnes & Atchison LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, AL 35259
Facsimile # 205- 868-6099

Donald B. Kirkpatrick, II, Esq.
Carr, Allison, Pugh, Howard, Oliver & Sisson
100 Vestavia Parkway, Suite 200
Birmingham, AL 35216

<u>s/Davis L. Middlemas</u>
Davis L. Middlemas
ASB-2103-E63D
Attorney for Plaintiff
MIDDLEMAS & BERRY, LLP
205 North 20th Street, Suite 210
Birmingham, AL 35203
(205) 380-0737
(205) 251-1872
Davis@middlemasberry.com