IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FRANK FISCHER, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:05-cv-00763-DRB |
| | ) |
| SYSCO FOOD SERVICES OF | ) |
| CENTRAL ALABAMA, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT'S REPLY IN SUPPORT OF
## SECOND MOTION TO DISMISS

COMES NOW the Defendant Sysco Food Services of Central Alabama, Inc. (hereinafter "Sysco") and makes the following reply to Plaintiff's Response to Defendant's Second Motion to Dismiss:

1.  Sysco maintains its position that dismissal is warranted.

2.  Alternatively, if the Court is not inclined to dismiss the case, Sysco asks for the Court to award Sysco its reasonable expenses incurred in preparing and filing the second motion to dismiss, including attorney fees, pursuant to Rule 37(a)(4)(A):

    (4)   Expenses and Sanctions.

{B0598357}

>    (A)  If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court <u>shall</u>, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the <u>reasonable expenses</u> incurred in making the motion, <u>including attorney's fees</u>, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

(emphasis added).

3.  On February 24, 2006, pursuant to a properly filed motion to compel by Sysco on February 23, 2006, this Court ordered Plaintiff to respond to the Defendant's written discovery and give initial disclosures by March 10, 2006.

4.  Plaintiff provided initial disclosures on March 29, 2006, only after Defendant had filed its first motion to dismiss and indicated to this Court and this Defendant that all discovery would be complied with within 14 days.

5.  Although the month of April provided the plaintiff with more than 14 days to answer Sysco's written discovery, Plaintiff did not comply.

6.  On May 1, 2006, this honorable Court denied Sysco's first motion to dismiss and denied Plaintiff's request for an additional 14 days to answer Sysco's

{B0598357}

interrogatories and requests for production because of Plaintiff's, March 29, 2006, stated intent "to respond to all discovery requests."

7. Sysco filed it's second motion to dismiss, more than 50 days beyond the March 10 deadline, established by the Court, and more than 30 days after Plaintiff indicated he would respond within 14 days.

8. Only after Sysco filed its second motion to dismiss, did Plaintiff fully provide answers to Sysco's interrogatories and requests for production.

WHEREFORE, PREMISES CONSIDERED, Sysco respectfully requests the Court to dismiss the action with prejudice or in the alternative to award Sysco reasonable expenses incurred on filing the second motion to dismiss, including attorney's fees.[1]

---

[1] Although Plaintiff alleges that dismissal is not warranted because Sysco has not complied with discovery requests, this is not so. Plaintiff never properly served any discovery request after the parties initial Federal Rule of Civil Procedure 26(f) Planning Meeting. Not until Sysco filed its second motion to dismiss was Sysco made aware of any alleged outstanding discovery. Sysco plans to comply with Plaintiff's discovery request, now that it has been made aware of such, in compliance with the Federal Rules of Civil Procedure.

                         <u>s/William D. Smith, Jr.</u>
                         William D. Smith, Jr.
                         ASB-2906-T74W
                         Attorney for Defendant
                         Sysco Food Services
                         of Central Alabama, Inc.
                         STARNES & ATCHISON LLP
                         100 Brookwood Place, 7th Floor
                         P. O. Box 598512
                         Birmingham, Alabama  35259-8512
                         (205) 868-6000
                         (205) 868-6099 Facsimile
                         wsmith@starneslaw.com

{B0598357}

## **CERTIFICATE OF SERVICE**

     I hereby certify that on May 23, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Davis L. Middlemas, Esq.
>MIDDLEMAS & BERRY, LLP
>205 North 20th Street, Suite 210
>Birmingham, Alabama  35203
>
>Donald B. Kirkpatrick II
>Carr, Allison, Pugh, Howard, Oliver & Sisson, P.C.
>100 Vestavia Parkway, Suite 200
>Birmingham, Alabama  35216

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

>None.

s/William D. Smith, Jr.
William D. Smith, Jr.
ASB-2906-T74W
Attorney for Defendant
Sysco Food Services
of Central Alabama, Inc.
STARNES & ATCHISON LLP
100 Brookwood Place, 7th Floor
P. O. Box 598512
Birmingham, Alabama  35259-8512
(205) 868-6000
(205) 868-6099 Facsimile
wsmith@starneslaw.com

{B0598357}