IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FRANK FISCHER, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 2:05-cv-763-MEF |
| | ) (WO) |
| SYSCO FOOD SERVICES OF | ) |
| CENTRAL ALABAMA, INC., *et. al.*, | ) |
|     Defendants. | ) |

## **ORDER**

This cause is before the Court on Plaintiff's Motion to Alter, Amend or Vacate Order and/or Set Aside Order (Doc. # 22). In its motion, Plaintiff requests that the Court vacate and/or set aside its May 1, 2006 Memorandum Opinion and Order (Doc. # 16) awarding Sysco reasonable expenses and attorney's fees incurred in making its Motion to Compel (Doc. # 6) and Motion to Dismiss (Doc. # 10). Upon consideration, it is hereby ORDERED that the motion is GRANTED in part and DENIED in part. Therefore, the Court must now consider what expenses may be deemed reasonably incurred in making the motions.

On May 5, 2006, Sysco filed an itemization of expenses and attorney's fees (Doc. # 19). The itemization is in the form of an affidavit from its lead attorney in this matter, Arnold W. Umbach III. Mr. Umbach asserts that the total expenses incurred were $3,015. These expenses include preparation of the motions, review of responses and orders concerning the motions, as well as telephone conferences and other correspondence regarding the motions. Plaintiff asserts that the expenses taxed should be limited to amounts

directly related to drafting the Motion to Dismiss, namely $540.00 (drafting the motion) or $648.00 (drafting and revising the Motion to Dismiss).

Once the Court has determined that expenses and attorney's fees are required to be paid, the Court must then determine whether the amount sought is reasonable. It is the moving party that bears the burden of demonstrating that its expenses are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Court may also rely on its own experience to estimate the time reasonably required for the work claimed. *Vocca v. Playboy Hotel of Chicago, Inc.*, 686 F.2d 605, 607 (7th Cir. 1982). The Court should determine the "lodestar" by multiplying the reasonable number of hours expended by a reasonable hourly rate for each participating attorney. *Hensley*, 461 U.S. at 433. Here, Plaintiff does not appear to dispute the hourly rates for the participating attorneys. Therefore, the Court need only consider whether Sysco is claiming a reasonable number of hours expended on the motions.

The Court finds that the number of hours claimed by Sysco in relation to these motions is excessive. The Court is disallowing the following expenses as not reasonably related to the preparation of the motions:

| | | |
|---|---|---|
| 1. | February 19, 2006 e-mail from Lynda Wheat | $81.00 |
| 2. | February 23, 2006 e-mail to L. Wheat | $18.00 |
| 3. | March 30, 2006 review of plaintiff's response and conference | $135.00 |
| 4. | April 4, 2006 telephone conference with L. Wheat; conference with W. Smith | $ 81.00 |
| 5. | April 5, 2006 telephone conference with D. Middlemas; e-mail to L. Wheat | $135.00 |

The Court is also reducing the number of hours on several other items. On February 20, 2006, Mr. Umbach claims that Mr. Smith spent one 1.00 hours drafting the Motion to Compel. This is a simple two-page motion containing no legal analysis. Therefore, the hours are reduced to 0.50 hours, for a cost of $90.00. On March 13 and 14, 2006, Mr. Umbach claims that both he and Mr. Smith spent a total of 3.90 hours drafting, revising, and filing the Motion to Dismiss. Again, this is excessive given the length and complexity of the motion. Thus, the hours are reduced to 2.00 hours for Mr. Smith to draft and file the motion, for a cost of $360.00, and 0.30 for Mr. Umbach to revise the motion, for a cost of $81.00. On March 30, 2006, Mr. Umbach claims that Mr. Smith spent 2.00 hours on case review and 2.00 hours reviewing plaintiff's response to the Motion to Dismiss and deciding whether a response was necessary. In light of the length of Plaintiff's response, these hours are excessive and will be reduced to a total of 1.50 hours, for a cost of $270.00. On April 4 and 5, 2006, Mr. Umbach asserts that he and Mr. Smith spent a total of 3.80 hours drafting, revising, and filing a reply to Plaintiff's response to the Motion to Dismiss. The reply is less than two pages long, most of which is a quote of Rule 37(a)(4)(A), thus the time claimed for drafting and revising it is excessive. The hours are reduced to 0.50 hours for Mr. Smith to draft and file the reply, for a cost of $90, and 0.20 hours for Mr. Umbach to revise the reply, for a cost of $54.00. The Court finds that all other claimed expenses are reasonable.

In sum, the Court finds the following to be reasonable attorney's fees and expenses incurred in making the Motion to Compel and the Motion to Dismiss:

| Description | Hours | Amount |
|---|---|---|
| February 20, 2006 draft motion to compel | 0.50 | $90.00 |
| February 24, 2006 correspondence with L. Wheat | 0.10 | $18.00 |
| February 24, 3006 review court grant of motion to compel | 0.20 | $36.00 |
| March 13-14, 2006 drafting and filing motion to dismiss | 2.00 | $360.00 |
| March 14, 2006 correspondence with L. Wheat | 0.10 | $18.00 |
| March 14, 2006 correspondence with B. Kirkpatrick | 0.10 | $18.00 |
| March 14, 2006 revising motion to dismiss | 0.30 | $81.00 |
| March 30, 2006 case review and review of Plaintiff's response | 1.50 | $270.00 |
| April 4-5, 2006 drafting and filing reply | 0.50 | $90.00 |
| April 5, 2006 correspondence to L. Wheat | 0.10 | $18.00 |
| April 5, 2006 revising reply | 0.20 | $54.00 |
| **Total** |  | **$1053.00** |

Accordingly, it is ORDERED that the Clerk of the Court tax costs against the Plaintiff in the amount of $1053.00.

DONE this the 28th day of August, 2006.

          /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE