IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FRANK FISCHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:05-cv-763-MEF |
| ) | (WO) |
| SYSCO FOOD SERVICES OF ) | |
| CENTRAL ALABAMA, INC., *et. al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This cause is before the Court on Defendant Sysco Food Services of Central Alabama, Inc.'s (hereinafter "Sysco") Second Motion to Dismiss (Doc. # 20).

**I. Procedural History**

On December 13, 2005, the parties filed their Report of Parties' Planning Meeting (Doc. # 4). By the terms of the agreement, pre-discovery disclosures were to be exchanged by January 27, 2006. On February 23, 2006, Sysco filed a Motion to Compel, stating that none of the disclosures had been received as of that date (Doc. # 6). On February 24, 2006, the Court entered an Order granting the motion to compel and directing Plaintiff Frank Fischer to respond to Sysco's written discovery and give initial disclosures by March 10, 2006 (Doc. # 7). On March 14, 2006, Sysco filed its first Motion to Dismiss (Doc. # 10) requesting dismissal pursuant to Federal Rules of Civil Procedure 37(b) and 41(b) based on Plaintiff's failure to comply with the Court's February 24, 2006 Order. In a Memorandum Opinion and Order dated May 1, 2006 (Doc. # 16), the Court denied the motion to dismiss,

but granted Sysco reasonable expenses in preparing and filing the motion to compel and the motion to dismiss pursuant to Federal Rule of Civil Procedure 37(a)(4)(A).

## II. Discussion

The Second Motion to Dismiss presently at issue renews Sysco's request for dismissal pursuant to Rules 37(b) and 41(b) based on Plaintiff's continued failure to comply with the Court's February 24, 2006 Order on the motion to compel. The motion alleges that, as of May 4, 2006, Plaintiff had only submitted initial disclosures, but had not complied with other discovery requests, including the scheduling of Plaintiff's deposition. Therefore, Sysco requests that the case be dismissed for failure to prosecute or failure to comply with an order of the Court pursuant to Rule 41(b), or as a discovery sanction pursuant to Rule 37(b)(2)(C). In response, Plaintiff asserts that Sysco has now been provided with responses to interrogatories and requests for production and that Plaintiff had been undergoing chemotherapy, but is now willing to sit for his deposition at an agreed-upon time. In its reply, Sysco admits that it has now received responses to interrogatories and requests for production, but maintains its position that dismissal is warranted. In the alternative, Sysco requests that, pursuant to Rule 37(a)(4)(A), the Court award it reasonable expenses and attorney's fees incurred in preparing and filing the Second Motion to Dismiss.

Based on the parties' representations, it appears that the discovery process is now moving forward. Given that discovery does not end until April 12, 2007, the parties should have more than enough time to complete any necessary discovery despite the previous

delays. Thus, the Court finds that dismissal pursuant to Rule 37(b) or Rule 41(b) is unwarranted. Furthermore, the Court finds that Plaintiff has already been sufficiently sanctioned for his initial failure to participate in discovery, and will not impose further sanctions pursuant to Rule 37(a)(4)(A).

### III. Conclusion

For the reasons set forth above, it is hereby ORDERED that Sysco's Second Motion to Dismiss (Doc. # 20) is DENIED.

DONE this the 28th day of August, 2006.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE